✓ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 05-1073 DOC (MLGx)                                   Date: September 18, 2006

Title: TERRI N. WHITE, et al. v. TRANS UNION, LLC, et al.

---

**DOCKET ENTRY**
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date ]
                                Date:_____      Deputy Clerk:_____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                               Not Present
    Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS):  GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES

      Before the Court is PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES ("Motion"). The Court finds the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set for September 25, 2006 is removed from the Court's calendar. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the motion to consolidate.

## I.     BACKGROUND

      The instant case is one of six related cases currently pending before the Court: *White, et al. v. Experian Info. Solutions, Inc.*, Case No. CV 05-1070 DOC (MLGx) ("*White v. Experian*"); *White, et al. v. Trans Union, LLC*, Case No. CV 05-1073 DOC (MLGx) ("*White v. Trans Union*"); *White, et al. v. Equifax Info. Servs., LLC*, Case No. CV 05-7821 DOC (MLGx) ("*White v. Equifax*"); *Pike v. Equifax Info. Servs., LLC*, Case No. CV 05-1172 DOC (MLGx) ("*Pike*"); *Hernandez v. Equifax Info. Servs.*,



MINUTES FORM 11 DOC
CIVIL - GEN

DOCKETED ON CM
SEP 20 2006
BY _____ 178

Initials of Deputy Clerk ___
Page 1 of 4

41

*Servs., LLC, Experian Info. Solutions, Inc., and Trans Union, LLC*, Case No. CV 06-3924 DOC (MLGx) ("*Hernandez*"); and *Acosta, et al. v. Trans Union, LLC*, Case No. CV 06-5060 DOC (MLGx) ("*Acosta*").

*White v. Experian*, *White v. Trans Union*, and *White v. Equifax* (collectively the "*White* Cases") and *Pike* were originally filed in 2005 in the Central District of California. *Hernandez* originated in the Northern District of California in 2006. The parties moved for the transfer of *Hernandez* to the Central District of California, which was effected, and the Court subsequently deemed the *White* Cases, *Pike*, and *Hernandez* related. In a motion filed concurrently with the instant motion, the plaintiffs in *White v. Equifax*, *Pike*, and *Hernandez* (collectively the "*Equifax* Cases") sought consolidation. The defendant in these cases filed a notice of non-opposition, and the Court ordered the *Equifax* Cases consolidated in a September 14, 2006 Order.

By contrast, *Acosta* is the product of a complaint originally filed in Orange County Superior Court on May 12, 2003 (Case No. 03CC00184). After having participated in comprehensive discovery in state court litigation, the parties to this action commenced mediation with the Honorable John K. Trotter, Ret. ("Justice Trotter") in March 2006. In the course of settlement negotiations, Trans Union, LLC ("Trans Union") indicated that it would not settle the *Acosta* case unless it could resolve all claims against it, including those based on the Federal Fair Credit Reporting Act ("FCRA") asserted in *White v. Trans Union* and *Hernandez*. Justice Trotted suggested that to facilitate settlement, the parties should consider a procedural framework whereby the parties would stay the pending state court action and file a new federal action concurrent with a notice of related claims to the existing federal cases. Decl. of Lee A. Sherman ¶ 18. The Court would thereby oversee the approval process for the settlement of the new federal action as it already presided over the related federal cases.

The *Acosta* Plaintiffs and Trans Union agreed to adopt this procedural framework and thereby reached a comprehensive settlement, embodied in a Memorandum of Understanding executed on August 11, 2006 (the "MOU"). In accordance with the MOU, the *Acosta* Plaintiffs filed the *Acosta* action, including all of the federal claims against Trans Union, in federal court on August 14, 2006 and provided the plaintiffs in *White v. Trans Union* and *Hernandez* (collectively "Plaintiffs") with a copy of the MOU. On August 18, 2006, Trans Union filed its answer. The *Acosta* Plaintiffs filed a notice of settlement on August 21, 2006.

Plaintiffs filed the motion now before the Court on September 5, 2006, seeking consolidation of *White v. Trans Union*, *Hernandez*[1], and *Acosta*, pursuant to Fed. R. Civ. P. 42(a). Both the *Acosta* Plaintiffs and Trans Union oppose this Motion.

---

[1] Because *Hernandez* is one of the now consolidated *Equifax* Cases, the instant motion effectively seeks consolidation of *White v. Trans Union*, the *Equifax* Cases, and *Acosta*.

## II. LEGAL STANDARD

The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). "The party moving for consolidation bears the burden of proving that consolidation is desirable." *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994).

"The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). However, "[t]he mere existence of common issues, a prerequisite to consolidation, does not require consolidation." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). "Each case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties." *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1360 (2d Cir. 1975).

"To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). In addressing whether or not to consolidate, a court should consider: (1) the risk of delaying trial, *St. Bernard General Hospital, Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983), *cert. denied*, 466 U.S. 970, 104 S. Ct. 2342 (1984); (2) the risk of prejudice and confusion, *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1008 (2d Cir. 1995); and (3) the potential burden on the parties, witnesses, and available judicial resources. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990), *cert. denied*, 498 U.S. 920, 111 S. Ct. 297 (1990).

Ultimately, the decision whether to consolidate rests in the Court's sound discretion. *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989).

## III. DISCUSSION

### A. Consolidation of *White v. Trans Union* and *Hernandez*

Plaintiffs' Counsel jointly ask the Court for the consolidation of these actions. No party has lodged opposition to this proposal before the Court. The Court has already deemed these actions related and finds that consolidation would enhance judicial efficiency. It thereby orders the consolidation of the *White v. Trans Union* and *Hernandez* actions.

\\\

\\\

### B. Consolidation of *Acosta*

Plaintiffs next allege that *Acosta* and the *White v. Trans Union* and *Hernandez* actions involve "common question[s] of law or fact." The proposed consolidation of these actions, they contend, will promote efficiency and organization, avoid duplication of effort, and mitigate the possibility of inconsistent rulings. The Court disagrees.

Although these cases may raise similar issues, they are in vastly different procedural postures. The *Acosta* action has already settled while the *White v. Trans Union* and *Hernandez* actions are in their infancy. Consolidation would delay the *Acosta* settlement indefinitely while the *White v. Trans Union* and *Hernandez* plaintiffs litigate their claims. This case thus presents the very embodiment of a situation in which consolidation "might serve only to create a procedural morass." *Ingenito v. Bermec Corp.*, 376 F. Supp. 1154, 1170-71 (S.D.N.Y. 1994); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (refusing consolidation in case of two-year gap between filings of cases sought to be consolidated); *Servants of Paraclete*, 866 F. Supp. at 1572 ("Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready of disposition.").

Plaintiffs complain that the *Acosta* parties are engaged in only a "quick, hit-or-run settlement" and that consolidation is needed so that "the Court can better assure that all class members nationwide are represented by plaintiffs who are committed to them for all purposes." Mem. in Supp. of Pls.' Mot. to Consolidate Related Cases 2:24, 8:12-14. This is not a viable reason to consolidate. If they are concerned about the integrity of the *Acosta* settlement, Plaintiffs have several options by which to deal with this. They may attempt to work with counsel in the *Acosta* matter to negotiate a more adequate settlement. If this fails, they may lodge formal objection to the proposed settlement. *Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S. Ct. 2005 (2002); *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572 (9th Cir. 2004). Finally, they are entitled to opt-out of the *Acosta* settlement altogether and continue to litigate on their own behalf.

In light of the myriad options still available to Plaintiffs, the potential for consolidation here to cause undue delay and confusion far outweighs any perceived gains in judicial efficiency.

## IV. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Consolidate Related Cases. The *White v. Trans Union* and *Hernandez* actions are to be consolidated. The *Acosta* action is not, and shall proceed independently.

The Clerk shall serve this minute order on all parties to the action.